RECEIVED
FEB 23 2017
RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

IN THE UNITED STATES DISSTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

HOWARD BODDIE, JR.,

2381 BELCHER DRIVE

COLUMBUS, OHIO 43224

PLAINTIFF,

V.

MICHAEL A. PRISLEY

1 S. COURT STREET

ROOM 1

ATHENS, OHIO 45701

DEFENDANT.

CASE NO. 2:17CV0161

Judge Watson

JUDGE MAGISTRATE JUDGE JOLSON

COMPLAINT FOR DAMAGES

PURSUANT TO 42 U.S.C.

SECTION 1983

JURY DEMAND/ CIVIL ACTION

Now comes, the **Plaintiff, Howard Boddie, Jr., Pursuant to 42 US.C. Section 1983,** without counsel; and respectfully complains to this Court to inquire into the legality and constitutionality of the conduct of the **Defendant, Michael A. Prisley,** an Attorney licensed in the State of Ohio. Specifically, incident to the Defendant's representation of Mr. Boddie, Jr., this Court is being asked to examine the treatment incurred by Plaintiff as well as the violation of Attorney-Client Relationship; Attorney Malpractice; Breach of Contract and Violation of Clients Civil Rights including specifically, Racial Discrimination. This treatment, more fully detailed herein, and these specific violations are causing continuing harms, and the Plaintiff is seeking an award of damages based on the various breaches of duty and care; which resulted in both actual injury and is casually related to Defendant's intentional deliberate conduct.

The Plaintiff, Howard Boddie, Jr., was a former Ohio State inmate and resided within the confines of Chillicothe Correctional Institution (CCI) in Chillicothe, Ohio. The Defendant, Michael A. Prisley, is an attorney licensed in the State of Ohio, who concentrates his practice in Criminal Law. He was **retained by a payment of a $1,500.00 fee** and was under a contract for professional services to represent the Plaintiff in a criminal case pending in the **Franklin County Court of Common Pleas under Case No. 08CR-05-3419.** Specifically, Defendant Prisley, **acted in concert with known State Actors: Prosecutor Shontell Walker; Prosecutor Leigh Bayer; and Judge Beverly Pfeiffer to keep me incarcerated,** denied me access to documents and the ability to defend myself; violated my civil rights; depict me as a racial monster; denied me due process of law and access to the Court; concealed and destroyed evidence; and intentionally misrepresented my best interest.

Therefore, it is not Defendant Prisley's "role" which makes him an **actor under Color of Law,** but rather his actions in concert with other state agents. For purposes of **Section 1985;**

private persons, jointly engaged with state officials in a prohibited action (or actions); are acting under color of law for purposes of the statute. To act under color of law does require him to be a state actor. **Adickes v. S.H. Kress & Co., 398, U.S. 144 (1970); Ellison v. Gabarino, 48 F.3d 192, 195 (6th Cir. 1995); Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003); Richardson v. Fleming, 651 F. 2d 366, 1981 U.S. App. LEXIS 11161 (1981).** He failed in his duty of care. In so doing; not only did he cause harm to Mr. Boddie, Jr., and violated his ethical obligations, he violated both State and Federal Law. Further, after the initial harms, the Defendant has committed additional acts including **Fraud** against a Court, misrepresentation and lies which resulted in more harms to Plaintiff. Therefore, this action is being brought seeking both monetary and Injunctive Relief, for said harms as more fully set forth in this complaint as follows:

## JURISDICTION

1. This action is brought **Pursuant to 42 U.S.C. Section 1983** and is properly in this Federal District Court.

## TIMELINESS

2. The Plaintiff's complaint is being timely filed herein. While the one (1) year limitation period, normally related to personal injury actions contained in **Ohio Revised Code Section 2305.11,** is applicable to all claims brought under **42 U.S.C. Section 1983** in Federal Court located within the State of Ohio, the time limit does not start until the deprivation end. **See Mulligan v. Hazard, 777 F. 2d 340 (6th Cir. 1985).** Therefore, herein, the statue of limitations has been tolled due to the defendant's action and conduct.

Furthermore, this is a *formally filed related action that was dismissed for failure to prosecute,* due to Boddie, Jr. inability to pay the **filing fee of $505.00, during the course of his incarceration. (See attached Exhibit "A" filed March 8, 2016 Sixth Circuit Court of Appeals and attached Exhibit "B" filed October 3, 2016 petition for writ of certiorari denied. ( Supreme Court of the United States).**

The **Ohio Savings Statue Clause, Revised Code 2305.19 (A) provides in part:** *In an action commenced, or commenced…If the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff…may commence a new action within one year after such date\*\*\**. A fair reading of the attached **Exhibits "A" and "B"** actually show that Plaintiff, Howard Boddie, Jr., has commenced a new action timely within the one (1) year allowing the statute of limitations to be tolled due to otherwise than upon the merits… **Ohio Revised Code 2305.19 (A). See Nye v. University of Toledo, No. 12AP-670.**

## EXHAUSTION

3. While the plaintiff does not have a duty to exhaust his State remedies herein; Mr. Boddie, Jr., has been through the attorney grievance process and attempted a resolution of State claims in State Court, all to no avail, therefore his federal Constitutional claims are being presented herein::

## STATEMENT OF CASE AND FACTS

4

4. While this case began as simply put, a breach of contract, in which, Defendant, Attorney Michael A. Prisley, violated the Attorney-Client relationship, overtime, it became major violations of Federal Constitutional Rights. It is these rights including the First, Fifth, Sixth and Fourteenth Amendment Rights coupled with his breach of duty and care to Plaintiff at issue herein. Specifically, incident to and thereafter, Defendant caused harms to Plaintiff contrary to his contract for professional services and in violation of civil rights and constitutional law. These harms are ongoing in nature and were not ended at the conclusion of his representation.

5. In October of 2009 Defendant Michael A. Prisley, agreed to represent Plaintiff, Howard Boddie, Jr., on a pending matters in the Franklin County Court of Common Pleas under **Case No. 08CR-05-3419** *and other unrelated matters.* This contract for professional services was paid for by his mother Mrs. Jacqueline R. Marshall, in an amount of $1,500.00. Plaintiff Boddie, Jr., states this was paid from his ***Veterans Pension*** and while this contract is not in dispute; the Defendant has misrepresented the relationship as an appointment. Nevertheless, the Attorney-Client relationship was acknowledged by the Franklin County Court of Common Pleas in March of 2010.

6. In fact, the Defendant, Attorney Michael A. Prisley, represented himself as a criminal law expert and he guaranteed he would dismiss the one count of domestic Violence a Fourth Degree Felony, and one count of Abduction a Third Degree felony. The alleged victim, Ms. Karen T. Monroe, was actually Plaintiff's fiancée who Mr. Boddie, Jr., had **Health Care Power of Attorney over for a mental and physical condition that was contracted from Children's Hospital. See Ohio Revised Code 1337.12 and O.R.C. 1337.13.** Mr. Boddie, Jr., looked after and took care of Karen Monroe and Defendant

5

Michael A. Prisley was totally aware of this. However, Defendant Prisley provided inadequate professional services and intentionally damaged Plaintiff's case with his dishonest, fraudulent, deceitful conduct including continued references to Mr. Boddie, Jr., as similar to O.J. Simpson; greatly prejudicing Plaintiff as well as committing slandering against him. Defendant Prisley, also dressed Plaintiff up in a **very tight bright orange dress shirt** while in prison garb during voire dire and O.J. Simpsons nickname symbolizes Orange Juice.

7. In the course of Defendant's representation while Mr. Boddie, Jr., was detained; Attorney Prisley failed to visit and consult with Plaintiff and failed to mail discovery to the jail where he had been incarcerated for a whole year. These breach of duty and care prevented him from effectively participating in the investigation and trial preparation for an adequate defense. **See Richardson v. Fleming, 651 F. 2d 366, 181 U.S. App. LEXIS 11161 (1981); Strickland v. Washington 466 U.S. 668 (1984); United States v. Cronic, 466 U.S. 648 (1984); Powell v. Alabama, 287 U.S. 45 (1932).**

8. Further, specifically, Defendant Attorney Prisley failed and refused to demand discovery which would have exculpated Plaintiff. Moreover, he abandoned his fiduciary duties, breached his contract and violated both Plaintiff's Constitutional and Civil Rights.

9. In all respects, Defendant Attorney Prisley, in his representation and thereafter, intentionally acted unprofessionally and deliberately damaged any defense of Mr. Boddie, Jr., in Case No. 08CR-05-3419. He further degraded Mr. Boddie, Jr., and caused him to be held in a negative light by the trial court, jury and general public. These acts and conduct of libel and slander, all affecting him even today.

10. Moreover specifically, this conduct and acts of deceit, including maintaining regular telephone or written communication with Mr. Boddie, Jr., prevented Plaintiff from mounting an adequate defense. These acts were intentional in nature.

11. This course of conduct, including failure to keep appointments, typified Mr. Prisley's representation and failed to disclose to Mr. Boddie, Jr., the nature, details and potential consequences of the evidence against him. In as much, Defendant Attorney Prisley, even after the case was over, in an **Affidavit dated April 29, 2011 fraudulently** misrepresented that he had been a Court-appointed Attorney for Mr. Boddie, Jr., that he had visited regularly at the jail; had numerous phone conferences and intentionally misrepresented other information in his Affidavit. Moreover, in response, Plaintiff, Howard Boddie, Jr., filed a grievance against Defendant Michael A. Prisley, alleging Professional misconduct. **See copy of grievance dated August 26, 2013 attached hereto and marked as Exhibit "C."** And the evidence will show and prove that Plaintiff, Howard Boddie, Jr., having alleged a conspiracy between his attorney and the prosecution to deny him his rights; pleaded sufficient state a cause of action and this was **a case of selective prosecution. See U.S. v. Armstrong, 517 U.S. 456 (1996);** *Olyer v. Boles***, 368 U.S. 448, 456 (1996); Richardson v. Fleming, 651 F. 2d 366, 1981 U.S. App. LEXIS 11161 (1981).**

12. However, despite filing said grievance, no actions were ever taken by the Ohio State Bar Association. What's so disturbing is the fact that most of the allegations in defense of professional misconduct were proven untrue. Firstly, that his flawed representation was under contract and retained by payment by Plaintiff and not appointed; as well as his misrepresentation of visiting Mr. Boddie, Jr., at the jail.( **See copy of Affidavit of**

7

Michael Prisley Sworn and subscribed April 29, 2011 and authenticated Visitor's Information from Franklin County Sheriff's Office, Chief Deputy Mark Barnett, for Howard Boddie, Jr., showing no visitations by Michael A Prisley attached hereto as Exhibit "D").

13. Thereafter, in fact, Plaintiff, Howard Boddie, Jr., attempted to gain redress through the State courts. However, these efforts were to no avail and resulted in a decline to accept Jurisdiction by the Ohio Supreme Court.

14. These facts are being offered to show the basis of his Federal Constitutional claims; and why the exhaustion of his State claims were attempted but resulted in an abuse of discretion with no relief, part of which was Michael A. Prisley's continuing acts of deceit and fraud. Again it's these acts which form the basis of the **First, Fifth, Sixth, and Fourteenth Amendment Violation against the Plaintiff.**

## CAUSE OF ACTION

15. This complaint is being filed pursuant to **42 U.S.C. Section 1983** as a cause of action for Monetary Damages and Injunctive Relief. Specifically, the Plaintiff, Howard Boddie, Jr., respectfully request this Court to find specific violations of his Federal Constitutional Rights under the 1st, 5th, 6th and 14th Amendment by Defendant, Michael A. Prisley, incident to (and thereafter) his representation in Franklin County Common Pleas Court, Case No.2008 CR-05-3419. It is this treatment and conduct, as outlined in the statement of the case and facts, which gives rise to this civil case. **See Richardson v. Fleming, 651 F. 2d 366, 1981 U.S. App. LEXIS 11161 (1981).**

16. The Plaintiff, is asking this Court to award damages based on the various breaches of duty and care; attorney misconduct; deception practices; fraud and misrepresentation as well as specific violations causing Plaintiff's rights under the 1st, 5th, 6th and 14th Amendment to be infringed upon. Moreover, the specific act of racial bias and prejudice is ongoing and causing harms. Therefore, the Plaintiff is also seeking Injunctive Relief to prevent these actions and seeking **Due Process and Equal Protection of the Law under the Fourteenth Amendment to the United States Constitution.**

17. **Further, the Defendant's acts and conduct in concert with other known state actors resulted in both actual injury and was intentional or deliberate in nature.** These violations caused Mr. Boddie, Jr., to be illegally incarcerated; detained improperly without bail which Defendant Prisley allowed during the course of a **Bond Hearing on March 2010;** subjected to **abuse of process; refused to request a continuance to prepare; intentionally infliction of emotional distress** and a violation of his civil rights along with monetary losses and damages.

18. **Moreover, these acts and omissions of Defendant caused Mr. Boddie, Jr., harm.** In fact, after being hired and paid $1,500.00 the Defendant Michael A. Prisley, failed to properly represent the *Plaintiff in Case No. 08CR-05-3419 and other unrelated cases* that Plaintiff retained him for. This included failure and refusal to visit Mr. Boddie, Jr., <u>even one (1) time in jail or to keep appointments.</u> He also failed to reasonably consult, research, investigate and compared Plaintiff's case to O.J. Simpson, dressing him in inappropriate clothing during voire dire and failed o gather discovery to defend criminal prosecution, all to Plaintiff's detriment and denied him all Compulsory Process.

19. The Defendant Michael A. Prisley, in the course of his representation (and thereafter) of Mr. Boddie, Jr., **withheld Exculpatory evidence** gained during the course of interview of alleged victim **Karen Monroe on June 9, 2008** and which Defendant verified in Franklin County Municipal Court in a criminal proceeding on **July 8, 2008 before Judge Amy Salerno.** This evidence substantially contributed to exoneration of Mr. Boddie, Jr., and at least, corroborated his defense; contrary to the **State's use of Health Care Power of Attorney, granted under contract at Children's Hospital, in care of Ms. Karen Monroe, for a mental and physical condition. (See attached Exhibit "E" authenticated Health Care Power of Attorney, Subscribed and Sworn in front of a Public Notary on November 4, 2016).** These 1st, 5th, 6th and 14th Amendments in violation of Due Process and effective assistance of counsel was calculated and intentional, resulting in a deficient defense and harms to Plaintiff, who is seeking redress by monetary damages.

20. More exactly, the Defendant's conduct is also actionable under the 1st Amendment grounds as well as the 5th Amendment deprivations. The Defendant Michael A. Prisley engaged in unprofessional conduct during the course of representing Plaintiff Howard Boddie, Jr., by engaging in racial reference and slurs. Specifically, during voire dire and thereafter Mr. Prisley made reference to O.J. Simpson; the relationship between a black man and white woman, further not objecting to the prosecution who made reference to the **Movie "The Burning Bed" staring former Actress Farrah Faucet** and Defendant Prisley made erroneous reference to crack cocaine use by Mr. Boddie, Jr., that depicted him in a stereotypical light, fueling inappropriate discriminatory consideration by the jury, the judge and public in general, that greatly prejudices Mr. Boddie, Jr., even today.

The impact had a negative impact upon Plaintiff's case and continues to have damaging and degrading consequences upon the emotional and psychological well being of the Plaintiff.

## DAMAGES AND RELIEF

21. The Plaintiff, Howard Boddie, Jr., is seeking justice and **Due Process and Equal Protection of the Law under the First, Fifth, Sixth and Fourteenth Amendment, and is a Two Termed Honorably Discharged Veteran, who served in the United States Army.** Plaintiff has incurred damages due to the violations of his Federal Constitutional Rights, because of the acts and omissions of Defendant, Michael A. Prisley, resulting in actual injury and are casually related to his conduct in concert with other known state actors; constituting a conspiracy between his attorney, trial judge and the prosecution to deny him his rights which was intentional and deliberate in nature. These violations of the 1st, 5th, 6th and 14th Amendment Rights, subjected Plaintiff to wrongful detention, abuse of process, intentional infliction of emotional distress, libel and slander, including racial discrimination and other related damages. Moreover, these additional damages income loss and freedom. Loss of income, loss of future earnings, loss of reputation and emotional and psychological damages.

22. The Plaintiff, Howard Boddie, Jr., is seeking both monetary and **Injunctive Relief.** Specifically, first he is asking this Court to Order Defendant, Michael A. Prisley, to cease and desist from any racial references and stereotypical references to Mr. Boddie, Jr. This Injunctive relief should be permanent. Further, the Plaintiff is asking for relief in the amount which compensates him for his losses; cause of this action; as well as to send a

message to this defendant regarding his actions and conduct; not less than **One Million, Five Hundred Dollars (1,500.000.00);** and all other necessary relief in the premises. Moreover, the Plaintiff seeking **Punitive Damages** to stop further similar conduct and ask for monetary amount of **One Million Five Hundred Dollars (1,500.000.00);** from the Defendant, and to require Defendant to pay all taxes on any settlement from this action and to order Defendant to act without any level of retaliation or malice in the future and all further relief in the premises.

**Respectfully submitted,**

*/s/ Howard Boddie, Jr.*

**HOWARD BODDIE, JR.**

**2381 BELCHER DRIVE
COLUMBUS, OHIO 43224**