UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOWARD BODDIE, JR.,

       Plaintiff,

                                          Civil Action 2:17-cv-161
      v.                                 Chief Judge Edmund A. Sargus, Jr.
                                          Magistrate Judge Elizabeth P. Deavers

MICHAEL A. PRISLEY,

       Defendant.

## ORDER & REPORT AND RECOMMENDATION

Plaintiff, Howard Boddie, Jr., who is proceeding without the assistance of counsel, brings this action against Michael A. Prisley, an attorney licensed in the State of Ohio and his former counsel who represented him in an a state-court criminal matter. He brings this action under 42 U.S.C. § 1983, purporting to assert violations of his constitutional rights. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, which is **GRANTED**. (ECF No. 1.) Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid. This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS WITH PREJUDICE** Plaintiff's purported federal causes of action for failure

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and **DECLINE** to exercise supplemental jurisdiction

over Plaintiff's remaining state-law claims, **DISMISSING** these claims **WITHOUT**

**PREJUDICE**.

## I.

Plaintiff filed the instant action on February 23, 2017. (ECF No. 1.) He brought a nearly

identical action on August 14, 2014, *Boddie v. Prisley*, Case No. 2:14-cv-1228, ("1228 Case").

Both actions arise from attorney Michael Prisley's representation of Plaintiff in case number

08CR-05-3419, a criminal matter in the Franklin County Court of Common Pleas.

In the 1228 Case, the Undersigned conducted an initial screen and summarized Plaintiff's

allegations against attorney Prisley as follows:

> Plaintiff brings this action under 42 U.S.C. § 1983, purporting to assert claims of
> attorney malpractice, breach of contract, and violation of his civil rights related to
> Defendant's representation in the criminal matter. Specifically, Plaintiff contends
> that Defendant misrepresented their attorney-client relationship as court-appointed,
> although Plaintiff paid Defendant a retainer to represent him. Plaintiff further asserts
> that Defendant failed to visit him in jail, refused to demand discovery which would
> have been exculpatory, misrepresented Plaintiff in front of the jury during *voire dire*,
> and withheld exculpatory evidence. Plaintiff seeks monetary damages against
> Defendant in the amount of $1.5 million, as well as injunctive relief.

*Boddie v. Prisley*, No. 2:14-cv-1228, 2014 WL 4080070, at *1 (S.D. Ohio Aug. 19, 2014.) The

Undersigned recommended dismissal of Plaintiff's purported federal claims and that the Court

decline to exercise supplemental jurisdiction over any remaining state-law claims, reasoning as

follows:

> The Undersigned concludes that Plaintiff's Complaint, which challenges
> Defendant's legal representation in a criminal case, fails to state a claim under 42
> U.S.C. § 1983. To plead a cause of action under 42 U.S.C. § 1983, a Plaintiff must
> plead two elements: (1) a person acting under color of state law caused deprivation
> of a right that is (2) secured by the Constitution or laws of the United States. *Hunt
> v. Sycamore Cmty. School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). It
> is well settled that a lawyer representing a client is not a state actor 'under color of

law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). Consequently, "[a] defense attorney engaging in the traditional functions of a lawyer representing a client in a criminal proceeding is not acting for the state for purposes of Section 1983." *Garcia v. Nerlinger*, No. 1:10–cv–788, 2011 WL 1395595, at *1 (S.D. Ohio Apr. 12, 2011); *see also Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) (concluding that the state-court criminal defense attorney was not a state actor, which precluded a § 1983 claim for ineffective assistance of counsel). Here, the conduct that forms the basis of Plaintiff's claims falls squarely within the traditional functions of a lawyer representing a client. Accordingly, Plaintiff has failed to allege sufficient state action for the purposes of his federal claim under § 1983 against Prisley, his state-court attorney. Accordingly, his action must be dismissed pursuant to § 1915.

To the extent Plaintiff attempts to bring state-law claims of breach of contract and attorney malpractice, the Undersigned recommends that the Court decline to exercise jurisdiction over those claims. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted). Here, the Complaint confirms that Plaintiff and Defendant are citizens of Ohio such that the Court may not exercise jurisdiction based on diversity of the parties under 28 U.S.C. § 1332. (Compl. 1, ECF No. 1.) Thus, the Court does not have original jurisdiction over Plaintiff's state-law claims. The Undersigned recommends dismissal of Plaintiff's purported federal claims. Under these circumstances, pursuant to 28 U.S.C. § 1367(c)(3), the Undersigned **RECOMMENDS** that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims, and that it **DISMISS WITHOUT PREJUDICE** any such claims.

(*Id*. at 3.) In overruling Plaintiff's objections and adopting the Undersigned's Report and

Recommendation, the Court reiterated the Undersigned's analysis, adding the following

explanation:

Plaintiff has offered no basis for disagreeing with this direct and simple analysis beyond speculation of a covert conspiracy between actual state actors and his former counsel. The facts as pled in the complaint, as opposed to such speculation, do not permit this Court to draw such an unreasonable conclusion or inference. This Court therefore agrees with the Magistrate Judge that Plaintiff has failed to present a federal claim upon which the Court can grant relief. The Court also agrees with the Magistrate Judge that there is no basis for exercising supplemental jurisdiction over the state law breach of contract and malpractice claims.

*Boddie v. Prisley*, No. 2:14-cv-1228, 2014 WL 5432134, at \*2 (S.D. Ohio Oct. 27, 2014.)

In the instant action, as in the 1228 Case, Plaintiff brings this action against attorney Prisley seeking to assert constitutional claims under § 1983 arising from Defendant Prisley's representation of him in the state-court criminal case in the Franklin County Court of Common Pleas. As in the 1228 Case, Plaintiff alleges that Defendant "provided inadequate professional services" and "failed to visit and consult with [him]," which "prevented him from effectively participating in the investigation and trial preparation of an adequate defense." (Pl.'s Compl. 6, ECF No. 1-2.) Plaintiff further alleges that Defendant "failed and refused to demand [exulpatory] discovery." (*Id.*) Finally, Plaintiff alleges that Defendant acted intentionally, with deceit, and pursuant to a conspiracy with the prosecution. According to Plaintiff, Defendant's actions violated his First, Fifth, Sixth, and Fourteenth Amendment rights. It is unclear whether Plaintiff also seeks to assert state-law claims. In terms of relief, Plaintiff seeks monetary damages against Defendant in the amount of $1.5 million, as well as injunctive relief.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

---

[1]Formerly 28 U.S.C. § 1915(d).

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

        \*        \*        \*

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In

addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### III.

The Undersigned concludes that the doctrine of *res judicata* or claim preclusion operates to bar Plaintiff's federal claims against Defendant Prisley. Under the doctrine of *res judicata* or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). The United States Court of Appeals for the Sixth Circuit has instructed that *res judicata* requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

In the instant action, Plaintiff simply reasserts the same claims, causes of action, and injuries arising out of the same facts that he alleged in the 1228 Case. In the 1228 Case, the Court dismissed Plaintiff's purported federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A court's dismissal of a "complaint pursuant to the provisions of § 1915(e) . . . constitutes an adjudication on the merits for purposes of *res judicata*." *Burton v. Cleveland Ohio*

*Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004) (citing *Denton v. Hernandez*, 504

U.S. 25, 34 (1992); *Smith v. Morgan*, 75 F. App'x 505, 507 (6th Cir. 2003)).  Thus, the

Undersigned concludes that the doctrine of *res judicata* operates to bar the federal claims that

Plaintiff asserts against Defendant in the instant action.  Based upon this conclusion, the

Undersigned recommends dismissal of these claims.

Because the Undersigned recommends dismissal of Plaintiff's federal claims, it is further

recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-

law claims to the extent he has asserted any such claims.  Dismissal of Plaintiff's federal claims

would not divest this Court of subject-matter jurisdiction.  Instead, when a federal court

dismisses "all claims over which it has original jurisdiction," it must then exercise its discretion

to determine whether to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c)(3).  The

Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims

generally should be dismissed as well."  *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009)

(internal quotations marks and citation omitted).  Accordingly, it is recommended that the Court

decline to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28

U.S.C. § 1367(c)(3).

## IV.

In sum, it is **RECOMMENDED** that the Court **DISMISS WITH PREJUDICE**

Plaintiff's federal causes of action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and **DECLINE** to

exercise supplemental jurisdiction over Plaintiff's remaining state-law claims to the extent he has

asserted any such claims, **DISMISSING** these claims **WITHOUT PREJUDICE**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: April 20, 2017                    /s/ *Elizabeth A. Preston Deavers*
                                        ELIZABETH A. PRESTON DEAVERS
                                        UNITED STATES MAGISTRATE JUDGE