# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**HOWARD BODDIE, JR.,**

    **Plaintiff,**

v.

**MICHAEL A. PRISLEY,**

    **Defendant.**

Case No. 2:17-cv-161
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Elizabeth P. Deavers

## OPINION & ORDER

This matter is before the Court for consideration of Plaintiff's Objections (ECF No. 11) to the Magistrate Judge's April 20, 2017 Order and Report and Recommendation (ECF No. 5). The Magistrate Judge recommended that the Court dismiss Plaintiff's federal cause of action upon an initial screen pursuant to 28 U.S.C. § 1915(e)(2) and decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (*Id.* at 1–2.) For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Order and Report and Recommendation. Plaintiff's federal claim is **DISMISSED with prejudice** and Plaintiff's remaining state claims are **DISMISSED without prejudice**.

## I.

Plaintiff, Howard Boddie, Jr., a former state prisoner at Chillicothe Correctional Institution ("CCI"), initiated this action on February 23, 2017 under 42 U.S.C. § 1983 and various state claims against Defendant, Michael A. Prisley, a criminal attorney licensed in the state of Ohio. Boddie previously retained Prisley to represent him in criminal case 08CR-05-3419 in the Franklin County Court of Common Pleas. (Complaint ("Compl.") at 2, ECF No. 1-2.) Boddie alleges that Prisley failed to adequately represent him in the criminal case by denying

him access to documents, refusing to demand exculpatory evidence, failing to visit him in prison, portraying him in a negative light at trial, and conspiring with the prosecution, among other allegations. (Compl. ¶ 4–9.)

As noted by Magistrate Judge Deavers in her Report and Recommendation, Boddie brought a nearly identical action in this Court on August 14, 2014, *Boddie v. Prisley*, Case No. 2:14-cv-1228 ("1228 case"). (Report & Recommendation ("Rep. & Rec.") at 2, ECF No. 5.) In the 1228 case, Boddie similarly brought an action under 42 U.S.C. § 1983 alleging that Prisley failed to adequately represent him in the same Franklin County criminal case. The Magistrate Judge recommended dismissing the 1228 case for failure to state a claim:

> The Undersigned concludes that Plaintiff's Complaint, which challenges Defendant's legal representation in a criminal case, fails to state a claim under 42 U.S.C. § 1983. To plead a cause of action under 42 U.S.C. § 1983, a Plaintiff must plead two elements: (1) a person acting under color of state law caused deprivation of a right that is (2) secured by the Constitution or laws of the United States. *Hunt v. Sycamore Cmty. School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L.Ed.2d 509 (1981)). Consequently, "[a] defense attorney engaging in the traditional functions of a lawyer representing a client in a criminal proceeding is not acting for the state for purposes of Section 1983." *Garcia v. Nerlinger*, No. 1:10–cv–788, 2011 WL 1395595, at *1 (S.D. Ohio April 12, 2011); *see also Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) (concluding that the state court criminal defense attorney was not a state actor, which precluded a § 1983 claim for ineffective assistance of counsel). Here, the conduct that forms the basis of Plaintiff's claims falls squarely within the traditional functions of a lawyer representing a client. Accordingly, Plaintiff has failed to allege sufficient state action for the purposes of his federal claim under § 1983 against Prisley, his state-court attorney. Accordingly, his action must be dismissed pursuant to § 1915.

*Boddie v. Prisley*, No. 2:14-cv-1228, 2014 WL 4080070, at *3 (S.D. Ohio Aug. 19, 2014). The Court adopted the Report and Recommendation, dismissed Boddie's § 1983 claim, and declined to exercise supplemental jurisdiction over his remaining state law claims pursuant to 28 U.S.C.

§ 1367(c)(3). *Boddie v. Prisley,* No. 2:14-cv-1228, 2014 WL 5432134, at *2 (S.D. Ohio Oct. 27, 2014).

In the instant case, Magistrate Judge Deavers performed an initial screen pursuant to 28 U.S.C. § 1915(e)(2) and recommended that Plaintiff's case be dismissed on the basis of res judicata given the nearly identical 1228 case and that the Court decline to exercise supplemental jurisdiction over any remaining state law claims. Plaintiff's timely objection[1] is now before the Court for consideration. (ECF No. 11.)

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

The Magistrate Judge recommended dismissal of the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). According to 28 U.S.C. § 1915(e), a court may dismiss an *in forma pauperis* litigant's case at any time if it determines that the litigant fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). The Sixth Circuit applies Federal Rule of Civil Procedure 12(b)(6) standards to review whether a complaint states a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii). *See Hill v. Lappin,* 630 F.3d 468, 470–71 (6th Cir. 2010) (applying the *Twombly–Iqbal*

---

[1] The Court initially adopted the Report and Recommendation after Plaintiff failed to object within the given timeframe. (ECF No. 6.) Plaintiff subsequently filed a Motion for Relief from Judgment or Order pursuant to Rule 60 of the Federal Rules of Civil Procedure claiming he had not received a copy of the Report and Recommendation. (ECF No. 8.) The Court granted Plaintiff's motion and vacated its previous Order adopting the Report & Recommendation, allowing Plaintiff additional time to file an objection. (ECF No. 9.)

plausibility standard to a review under 28 U.S.C. § 1915(e)(2)(B)(ii)). Under these standards, a complaint must provide more than a recitation of the elements of a cause of action or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Instead, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As an additional note, a pro se litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972). Even so, pro se plaintiffs must still comply with the procedural rules that govern civil cases. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *see also Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme Court in *Haines v. Kerner*] nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits.").

### III.

Boddie argues that the "decision to apply the doctrine res judicata to Plaintiff's claim is an abuse of discretion and is extremely prejudicial in nature," essentially because his previous claim was never adjudicated on the merits. (Boddie Objection to the Rep. & Rec. ("Obj.") at 8, ECF No. 11.) Instead, Boddie asserts that his previous case was dismissed for failure to prosecute because he could not afford the filing fee. (Obj. at 8–9 (citing *Boddie v. Prisley,* Case No. 14-4153 (6th Cir. Mar. 8, 2016)).) Insisting that his previous case was not adjudicated on the merits, Boddie further reasons that his claim is saved by the Ohio Savings Statute, which

4

provides, in part, that "if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after" such date. Ohio Rev. Code § 2305.19(A).

Res judicata stands for the dual purpose of promoting judicial economy and preventing re-litigation of the same issue with the same party or its privy. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). Once a matter falls under the doctrine of res judicata, the litigation ends and the parties are held to the result of that original final decision. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (citing *Baldwin v. Traveling Men's Assn.*, 283 U.S. 522, 525 (1931)). A claim is precluded under res judicata when these four elements are met: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; [and] (4) an identity of the causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

The only element Boddie appears to dispute is whether the previous 1228 case ended in a final adjudication on the merits. The Court finds that Boddie's federal claim in the prior action was indisputably adjudicated on the merits. As previously stated, Boddie's § 1983 claim in the 1228 case was dismissed for failure to state a claim under Rule 12(b)(6) because Prisley did not act under color of state law by "engaging in the traditional functions of a lawyer" in his representation of Boddie. *Boddie v. Prisley*, 2014 WL 4080070, at *3. Rule 41(b) provides that provides that unless the dismissal order states otherwise, such a dismissal is an adjudication on the merits of the case, and is, therefore, a dismissal with prejudice. *See* Fed. R. Civ. P. 41(b); *Mufadhal v. Citimortgage, Inc.*, No. 12-CV-10251, 2012 WL 5989887, at *1 (E.D. Mich. Nov. 30, 2012). In the 1228 case, the Court stated that it "dismisses Plaintiff's § 1983 claim for failure to present a federal claim upon which the Court can grant relief, and dismisses without prejudice

the state law claims." *Boddie v. Prisley*, 2014 WL 5432134, at *2. Thus, by explicitly dismissing without prejudice Boddie's state law claims but not his federal claim, the Court dismissed the federal claim with prejudice and was therefore a final adjudication on the merits.

Boddie mistakenly relies on his failed appeal of the 1228 case to rebut the application of res judicata to his claim. Boddie had sought to appeal the Court's decision in the previous case to the Sixth Circuit Court of Appeals, but was unable to afford the filing fee and so his appeal was dismissed for want of prosecution. *See Boddie v. Prisley*, Case No. 14-4153 (6th Cir. Mar. 8, 2016).[2] Boddie concludes that because the appeal was dismissed for want of prosecution, and not on the merits, that the entire case was adjudicated otherwise than on the merits. Although Boddie's appellate case was dismissed for want of prosecution, this Court's decision to dismiss his claim in the 1228 case remained in effect and a final adjudication on the merits.

Boddie's next attempt to apply the Ohio Savings statute to save his claim from res judicata is also misplaced. The purpose of the Ohio Savings Statute is to allow a Plaintiff to commence a new action within one year from the date of the failure of an original cause of action provided that the first action was timely, the failure was otherwise than upon the merits, the time limit to file such a new action has expired, and the action is filed within one year of such failure. *Johnson v. Univ. Hosp. of Cleveland*, 46 F. App'x 238, 243 (6th Cir. 2002) (citing *Harris v. City of Canton*, 725 F.2d 371, 375 (6th Cir. 1984). Besides the fact that the Ohio Savings Statute addresses the timeliness of an action rather than res judicata, the Court already concluded that Boddie's prior claim was adjudicated on the merits and therefore this argument also fails.

The remainder and majority of Boddie's objection addresses how Prisley acted under

---

[2] Boddie subsequently sought to appeal that decision dismissing his appeal for want of prosecution to the United States Supreme Court, but his petition for certiorari was denied on October 4, 2016.

color of state law in the Franklin County criminal case in satisfaction of the state action requirement under § 1983. However, those arguments fail to overcome the application of res judicata to Boddie's federal claim and are therefore unavailing. In sum, Magistrate Judge Deavers correctly concluded that the doctrine of res judicata operates to bar Boddie's federal § 1983 claim. With no federal claim remaining, the Court declines to exercise supplemental jurisdiction over any remaining state claims in accordance with 28 U.S.C. § 1367(c)(3).

### IV.

For the reasons stated, the Report and Recommendation (ECF No. 5) is **ADOPTED**, Plaintiff's federal claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2), and the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims, which are **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

\_\_6-14-2017\_\_  
**DATE**

_____  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT CHIEF JUDGE**